UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DASHAUN WRIGHT,

                Plaintiff,

v.

GONZALAS ARIAS, *et al.*,

                Defendants.

3:16-cv-00437-MMD-WGC

**ORDER**

Plaintiff has filed a motion asking the court to void the filing fee order entered in this case, and to order the prison to reimburse him funds deducted from his account and paid toward the filing fee. (ECF No. 17.) Plaintiff reasons that he filed this case with an application to proceed in forma pauperis (IFP), and when the court granted the application which required him to still pay the filing fee over time and dismissed many of his claims on screening, he decided to voluntarily dismiss the action. As a result, he believes the filing fee should be reimbursed.

Plaintiff, a *pro se*, inmate litigant initiated this action with an IFP application and proposed complaint. (ECF Nos. 1, 1-1.) On March 10, 2017, the court temporarily deferred the matter of the filing fee, and issued its screening order pursuant to 28 U.S.C. ¶ 1915A. (ECF No. 4.) The court dismissed many of the allegations of the complaint with prejudice as frivolous, allowed only the First Amendment mail claim to proceed against Ivie, Burleigh, Watson, Kelly, Sharp, and Escomillo, and dismissed the remaining claims, but with leave to amend within thirty days. (*Id.*) Thirty days passed, and Plaintiff failed to file an amended complaint. Therefore, the court ordered that the action would proceed only with respect to the First Amendment mail claim. (ECF No. 6.) The court stayed the action for ninety days to allow the parties an opportunity to settle their dispute before requiring the $350 filing fee to be paid. (*Id.*) An Early Mediation Conference was held on July 18, 2017, but was unsuccessful. (ECF No. 12.)

On July 24, 2017, the court entered an order noting that Plaintiff could still file an amended complaint in accordance with Federal Rule of Civil Procedure 15, if he wished, and granted the IFP application, noting that pursuant to 28 U.S.C. § 1915(b)(2), the full filing fee still had to be paid, even if the action was dismissed, and that the Nevada Department of Corrections was required to pay the court twenty percent of the preceding month's deposits in his account, in months when the account exceeded $10, until the full $350 filing fee was paid.. (ECF No. 14.)

On July 31, 2017, Plaintiff moved for dismissal of his action. (ECF No. 15.) The court granted the motion, noting that Federal Rule of Civil Procedure 41(a)(1)(i) allows for voluntary dismissal by a plaintiff before the opposing party serves its responsive pleading or motion. (ECF No. 16.)

Plaintiff was cautioned that he was responsible for the full $350 filing fee, to be paid over time, *even if the action were dismissed*. Plaintiff cannot now seek a refund of funds paid toward the filing fee simply because he decided to stop pursuing the action after he was unsuccessful with respect to the majority of the claims initially asserted. To adopt such a policy is contrary to the statute, and would create no disincentive for the filing of frivolous or meritless actions by inmates.

Accordingly, Plaintiff's motion (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 9, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE